PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| A. MORGAN BUILDING GROUP, LLC, ) | |
| ) | CASE NO. 5:19cv708 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| AUTO-OWNERS INSURANCE GROUP, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendant. ) | **ORDER** [Resolving ECF No. 5] |

Defendant Auto-Owners Insurance Group moves to dismiss Plaintiff's Amended Complaint and to disallow a proposed amendment because, as amended, the Court would lack jurisdiction over the matter. ECF No. 5. The matter has been fully briefed. ECF Nos. 8, 9.

## I. Background and Posture

Plaintiff, an Ohio company with Ohio members, raises state-law insurance claims in diversity against Defendant Auto-Owners Insurance Group ("Auto-Owners"), alleging that Auto-Owners is a Michigan company. ECF No. 3 at PageID#: 212. Auto-Owners does not deny that it is a Michigan entity, but it argues that its affiliate Owners Insurance Company ("Owners") is the only properly-named Defendant. ECF No. 5 at PageID#: 417-19. Owners is an Ohio corporation. ECF No. 5-1 at PageID#: 421; *see also* Ohio Sec'y of State Business Search, Owners Insurance Company, Entity No. 466651, https://businesssearch.sos.state.oh.us/#busDialog (last visited May 17, 2019).

(5:19cv708)

The amount in controversy exceeds $75,000. *See* ECF No. 3 at PageID#: 221-22.

## II. Analysis

The parties' dispute: (1) which is the properly-named Defendant, Auto-Owners or Owners, and (2) if Plaintiff amends its pleading to include Owners, can diversity jurisdiction be sustained?

**A. Which Entity is the Correct Defendant?**

In its Amended Complaint, Plaintiff alleges that it maintains a business insurance policy from Defendant Auto-Owners, Policy No. 064603-05014769-17. ECF No. 3 at PageID#: 212; *see* ECF No. 3-2 (the policy). In its motion to dismiss, Auto-Owners asserts that Plaintiff's insurance policy is not with Auto-Owners itself (which is a Michigan company), but rather with Auto-Owners' affiliate, Owners Insurance Company (which is an Ohio corporation). ECF No. 5 at PageID#: 417-19. In response, Plaintiff asserts, "it is not at all clear whether the insurer is Owners or Auto-Owners nor is it clear what the relationship is between the two companies." ECF No. 8 at PageID#: 428-29.

The Court has examined the policy, which was attached to Plaintiff's Amended Complaint. ECF No. 3-2. The name Auto-Owners Insurance Group appears on the cover page of the document, for instance, where the policy states, "Thank you for selecting Auto-Owners Insurance Group to serve your insurance needs." Sentences later, it is explained, "Auto-Owners and its affiliate companies offer a variety of [policies]," and, "The Auto-Owners Insurance Group is comprised of five property and casualty companies and a life insurance company." *Id.* at

2

(5:19cv708)

PageID#: 227.

The name "Owners Insurance Company" or "Owners Ins. Co." appears in the top-left corner of the next ten pages. *Id.* at PageID#: 228-37. The policy coverage form states, "Throughout this policy . . . [t]he words "we," "us" and "our" refer to the Company providing this insurance." *Id.* at PageID#: 285. Whereas Auto-Owners is described throughout the policy as a "Group,"[1] Owners is consistently referred to as "Owners Insurance Company," including in repeated instances on the cover page. *Id.* at PageID#: 227. Notably, the declarations pages make no reference to Auto-Owners at all, instead referring only to "Owners Insurance Company." ECF No. 3-1.

"[T]he Company providing this insurance" can refer only to Owners, not Auto-Owners. *See* ECF No. 3-2 at PageID#: 285. Whatever insurance obligations might have been owed to Plaintiff, those obligations were owed by Owners, not Auto-Owners. The Amended Complaint fails to state a claim against Auto-Owners, and as a consequence, Auto-Owners must be dismissed from the action.

**B. Can Diversity Jurisdiction Be Sustained?**

Ordinarily, a pleading defect in which the plaintiff names the wrong defendant can be cured by amendment under Fed. R. Civ. P. 15, at least during the early stage of proceedings. The

---

[1] Throughout the policy, Auto-Owners is referred to only once as a "Company," and that reference describes the predecessor entity of the modern "Auto-Owners Insurance Group," not the current enterprise. *Id.* at PageID#: 227 ("Auto-Owners Insurance Company was formed in 1916. The Auto-Owners Insurance Group is comprised of five property and casualty companies and a life insurance company. . . .").

(5:19cv708)

Court, however, can exercise jurisdiction over this state-law dispute under 28 U.S.C. § 1332 only if all plaintiffs are diverse from all defendants. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). If Plaintiff, an Ohio company with Ohio members, is adverse to an entity with Ohio citizenship, diversity jurisdiction cannot be sustained.

Plaintiff argues that, despite Owners' incorporation in Ohio, it is in actuality a Michigan corporation, not an Ohio corporation, because it maintains its principal place of business in Michigan. ECF No. 8 at PageID#: 432-33, 435-40. It is true that, for diversity jurisdiction purposes, a corporation may be said to have two citizenships: one in its state of incorporation and another in the state of its principal place of business. 28 U.S.C. § 1332(c)(1); *Safeco Ins. Co. V. City of White House, Tenn.*, 36 F.3d 540, 544 (6th Cir. 1994). But one citizenship does not displace the other. Either corporate citizenship, if shared with an adverse litigant, will destroy diversity. "If diversity fails under either of the parties' citizenships, then diversity fails overall." *IGY Ocean Bay Props., Ltd. v. Ocean Bay Props. I Ltd.*, 534 F. Supp. 2d 446, 449 (S.D.N.Y. 2008) (citing *Phoenix Four, Inc. v. Strategic Res. Corp.* 446 F. Supp. 2d 205 (S.D.N.Y. 2006)); *see Roberts v. Mars Petcare US, Inc.*, 874 F.3d 953, 955-57 (6th Cir. 2017) (explaining that the diversity statute recognizes "dual citizenship" not "alternative citizenship"). Owners Insurance Company is incorporated in Ohio, and it is therefore an Ohio citizen for diversity purposes.

Plaintiff cannot amend its pleading to include Owners Insurance Company because the two are not diverse, and the Court would lack jurisdiction to preside over the matter if it did.

4

(5:19cv708)

### III. Conclusion

For the reasons stated herein, Defendant's motion to dismiss ([ECF No. 5](ECF No. 5)) is granted. The dismissal is without prejudice.

IT IS SO ORDERED.

| | |
|---|---|
|    May 24, 2019    |  */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |